IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PHILLIP BRYAN HARRIS, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Sheriff KEVIN SPROUL, et al., | : | NO. 1:13-CV-53-WLS-TQL |
| Defendants. | : | **ORDER & RECOMMENDATION** |

*Pro se* Plaintiff **PHILLIP BRYAN HARRIS**, a pretrial detainee at the Dougherty County Jail ("DCJ"), has filed a 42 U.S.C. § 1983 lawsuit and a motion to proceed *in forma pauperis* ("IFP") (Doc. 2).  In his 36-page complaint, Plaintiff makes numerous, wide-ranging allegations of events occurring both inside and outside the DCJ since his arrest on August 20, 2011, on charges of child molestation, rape, and incest.  Plaintiff names almost 20 Defendants and his claims range from ineffective assistance of counsel and other alleged irregularities associated with his arrest and pending prosecution, denial of access to courts, deficient medical treatment, attacks by other inmates, retaliation, discrimination, and unsanitary conditions in the shower.  In addition to his complaint, Plaintiff has filed numerous motions, letters, and other documents with this Court.

Based upon Plaintiff's submissions, the Court hereby **GRANTS** his motion to proceed IFP

and waives the initial partial filing fee.1  Plaintiff is nevertheless obligated to pay the Court's $350.00 filing fee, as will be directed in a future order (should Plaintiff submit a recast complaint, as directed below).

## I.  ORDER TO RECAST

Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."  The complaint and other documents filed by Plaintiff are anything but "short and plain."  Plaintiff's complaint constitutes a typical "shotgun" pleading, which the Eleventh Circuit Court of Appeals has "condemned repeatedly." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  In *Magluta*, the Eleventh Circuit held that district courts confronted by complaints of this nature "have the inherent authority to demand repleader *sua sponte*" so that the complaint complies with the requirement of Rule 8.  ***Id.*** at 1284 & n.3 (11th Cir.2001).  *See also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir.2001) ("[S]hotgun pleadings ... impede[] the due administration of justice and, in a very real sense, amount[] to an obstruction of justice.").

In addition, a plaintiff may set forth only related claims in one civil rights complaint.  He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical

---

1 In reviewing the United States District Court PACER docket reports for Georgia, it appears that Plaintiff had not incurred any "strikes" for purposes of 28 U.S.C. §1915(g) when he filed the instant complaint.

relationship between the claims." ***Construction Aggregates, Ltd. v. Forest Commodities Corp.***, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Moreover, as the Seventh Circuit stated in ***George v. Smith***, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees.... A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner."

In light of the foregoing, Plaintiff is hereby **ORDERED** to recast his complaint. The recast complaint **shall take the place of and supersede the original complaint and all of the other documents filed by Plaintiff to date**.

In drafting his new complaint, Plaintiff must use a standard section 1983 complaint form, along with no more than ten (10) additional pages. **No other attachments or documents shall be filed with the recast complaint.** Plaintiff should submit his recast complaint in a single filing and not file documents piecemeal, as he has done to date. Further, Plaintiff is instructed that he may not incorporate any portion of his original complaint and subsequent filings to date into the recast complaint. The Clerk of Court is **DIRECTED** to mail Plaintiff a new section 1983 complaint form <u>showing this case number</u>.

In his recast complaint, Plaintiff should inform the Court which claim or related claims he wishes to pursue in this action. For example, Plaintiff's various medical claims would properly be the subject of a single lawsuit. Plaintiff will **not** be allowed to pursue unrelated claims in a single 42 U.S.C. § 1983 action. If he wishes to pursue unrelated claims, he should file separate

section 1983 actions for each claim or set of related claims.

Plaintiff should state the particular Defendants whom he wishes to sue in his recast complaint and state in detail each Defendant's actions or omissions that violated Plaintiff's constitutional rights. If Plaintiff does not link a Defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegation in the body of his recast complaint against a named Defendant, that Defendant will be dismissed from this action. Plaintiff is advised that the Defendants' supervisory positions, alone, are insufficient to hold them liable for the acts of their subordinates. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999).

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to submit his recast complaint. After he has done so, the Court will conduct a preliminary review as required by 28 U.S.C. § 1915A.

## II. PENDING MOTIONS

There are a number of pending motions in this case. The undersigned addresses each of the motions below.

### A. *Motions to Amend or Supplement (Docs. 5, 7, 9, and 13)*

Plaintiff's motions to amend or supplement his complaint are mooted by the Court's Order to recast and are thus **DENIED**. *See Pintando v. Miami-Dade Hous. Auth.*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'").

### B. *Motion for Appointment of Counsel (Doc. 15)*

As to Plaintiff's motion for appointment of counsel (Doc. 15), he has not shown the

exceptional circumstances necessary for this Court to appoint counsel for Plaintiff.  *See Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).   Said motion is therefore **DENIED**.

### C.  *Motion for Law Books and Typewriter (Doc. 24)*

Plaintiff's request that this Court order DCJ officials to provide him with law books and a typewriter is injunctive in nature and the Court will treat it as a motion for a preliminary injunction. A preliminary injunction is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).   An irreparable injury "must be neither remote nor speculative, but actual and imminent."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted). Both the merits of Plaintiff's case and the prospect of his suffering irreparable injury are uncertain, as the essential facts have not been developed.   Because Plaintiff has not satisfied either of the first two prerequisites for granting a preliminary injunction, it is **RECOMMENDED** that Plaintiff's motion for the same be **DENIED**.

### D.  *Motion for Default Judgment (Doc. 20)*

As to Plaintiff's motion for default judgment, the Court has not yet screened Plaintiff's lawsuit under section 1915A or ordered that the complaint be served upon any of the Defendants. No Defendant is therefore presently required to plead or otherwise defend this lawsuit. Accordingly, it is **RECOMMENDED** that said motion be **DISMISSED**.

### E.  *Motion to Dismiss (Doc. 12)*

Plaintiff apparently attempted to serve his lawsuit on some of the Defendants, including Congressman Sanford Bishop, who filed a motion to dismiss (Doc. 12).  In light of the Court ordering Plaintiff to recast his complaint, it is hereby **RECOMMENDED** that said motion be **DENIED AS MOOT**.  If Plaintiff sues Congressman Bishop in his recast complaint, the Congressman may renew his motion.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the foregoing recommendations with the United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address.   If Plaintiff decides that he no longer wishes to proceed with this lawsuit, he must so notify the Court.   *See* Fed.R.Civ.P. 41(a).

Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of his complaint.

**SO ORDERED AND RECOMMENDED**, this 3rd day of July, 2013.


s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

cr