IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PHILLIP BRYAN HARRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:13-cv-53 (WLS) |
| | : | |
| SANFORD BISHOP, et al., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is an Order and Recommendation from United States Magistrate Judge Stephen Hyles, filed July 09, 2014, and Plaintiff's Motion for Reconsideration, filed January 10, 2014. (Docs. 88, 52.)

The Court first addresses Plaintiff's Motion for Reconsideration. (Doc. 52.) Plaintiff moves for reconsideration of the Court's November 26, 2013 Order (Doc. 50) adopting Magistrate Judge Thomas Q. Langstaff's July 3, 2013 Order and Recommendation (Doc. 26). The Court adopted Judge Langstaff's recommendations upon finding that Plaintiff had not filed a timely objection. The Order denied Plaintiff's Motion for Law Books and Typewriter (Doc. 24), dismissed Plaintiff's Motion for Default Judgment (Doc. 20), and dismissed as moot Plaintiff's Motion to Dismiss (Doc. 12). (Doc. 50 at 5-6.) The Order and Recommendation provided the Parties with fourteen (14) days to file written objections to the recommendations therein. (Doc. 26 at 6.) Plaintiff did not file objections. (See Docket.)

Under Federal Rule of Civil Procedure 60, a court may relieve a party from an order for, among other reasons, mistake, newly discovered evidence, or "any other reason that

1

justifies relief." Fed. R. Civ. P. 60(b). Plaintiff apparently moves for relief under Rule 60(b)(2), which provides relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier. Fed. R. Civ. P. 60(b)(2). A motion under Rule 60(b)(2) must be made no more than a year after entry of the order. Fed. R. Civ. P. 60(c)(1). The Eleventh Circuit has held that a movant under Rule 60(b)(2) must show that: (1) the evidence was newly discovered; (2) he exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that reconsideration of the final judgment would probably produce a new result. *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 1001 (11th Cir. 2012). "Motions under Rule 60(b) are directed to the sound discretion of the district court . . . ." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citation omitted).

Plaintiff fails to satisfy several of these elements. Most obviously, Plaintiff's evidence would not produce a different result. Plaintiff's Motion for Reconsideration alleges that he never received a copy of Judge Langstaff's July 3, 2013 Order and Recommendation, that he timely filed his objection according to the mailbox rule, and that his legal mail is held by Lieutenant Montgerard in retaliation for Plaintiff's naming him as a defendant in multiple lawsuits. (Doc. 52 at 1-2.) In support of his Motion, Plaintiff provides copies of: grievances made against Lieutenant Montgerard for failing to provide him legal materials, inmate request forms, and mail records from Plaintiff's incoming mail at the Dougherty County Jail. (Doc. 52-1.)

2

Though Plaintiff alleges that he never received a copy of Judge Langstaff's July 3, 2013 Order and Recommendation, the Docket reflects that Plaintiff timely filed a recast complaint, as ordered by Judge Langstaff in the same Order and Recommendation. (Docs. 26 at 3, Doc. 27.) Additionally, Plaintiff points to two Dougherty County Jail Inmate Request Forms that he submitted. (Doc. 52 at 1.) In those Forms, Plaintiff states that he submitted one piece of mail on October 23, 2013 that was not mailed by Lieutenant Montgerard until November 21, 2013 and that another piece of mail, submitted on November 20, 2013, was not mailed until November 26, 2013. (Doc. 52-1 at 32, 34.) If either of the pieces of mail referred to in these forms is Plaintiff's objections to Judge Langstaff's Report and Recommendation, the objections would have been grossly untimely, as they were due July 17, 2013, and likely would not have been considered by the Court. Similarly, Plaintiff cites Inmate Requests Forms dated October 23, October 27, and December 3, 2013 that refer to mail Plaintiff was attempting to send. (Doc. 52 at 1 (citing Docs. 52-1 at 34, 35, 39).) Again, if any of these Forms is referring to Plaintiff's objections to Judge Langstaff's recommendation, the objections would have been grossly untimely. Further, the Docket does not reflect that any objections by Plaintiff to Judge Langstaff's Order and Recommendation were ever filed, timely or not. (See Docket.)

The Court finds that Plaintiff did receive a copy Judge Langstaff's Order and Recommendation based on Plaintiff's timely response to a portion of the Order and Recommendation and that Plaintiff never filed objections to the Order and Recommendation, timely or otherwise. The Court further finds that the evidence submitted

3

by Plaintiff along with his Motion for Reconsideration would probably not produce a different result upon reconsideration of the Court's November 26, 2013 Order.

Additionally, Judge Hyles recommends denying Plaintiff's Motions to Provide Medical Treatment (Docs. 45, 51) and granting Defendants' Motions for Summary Judgment (Docs. 62, 65, 66). The Order and Recommendation provided the Parties with fourteen (14) days to file written objections to the recommendations therein. (Doc. 88 at 16.) On August 1, 2014 Judge Hyles granted Plaintiff's Motion for Extension of Time to File Objections, extending the deadline to August 15, 2014. (See Docket.) Plaintiff filed his Objections on August 25, 2014, with no explanation for the delay. As such, it was not timely filed and will not be considered.

Upon full review and consideration upon the record, the objections set forth in Plaintiff's August 25, 2014 filing are **OVERRULED**, and the Court finds that said Report and Recommendation (Doc. 88) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Defendants Sproul's, Haggerty's, Lewis's, Derebail's, and Grundfast's Motions for Summary Judgment (Docs. 62, 65, 66) are **GRANTED** and Plaintiff's Motions to Provide Medical Treatment (Docs. 45, 51) are **DENIED**. Further, Plaintiff's Motion for Reconsideration (Doc. 52) is **DENIED**.

**SO ORDERED**, this 27th day of August, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

4